IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02008-KLM-KMT

SANTIAGO PEREZ,

    Plaintiff,

v.

J.P. MEYER TRUCKING,

    Defendant(s).
_____

**ORDER GRANTING MOTION TO COMPEL**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Compel** [Docket No. 43; Filed May 13, 2009] (the "Motion") and a Supplement to Defendant's Motion to Compel [Docket No. 45; Filed June 10, 2009].  Defendant requests an Order compelling Plaintiff to (1) provide copies of the documents disclosed in his Fed. R. Civ. P. 26(a)(1) disclosures; (2) disclose and provide copies of additional documents that were not referenced in the Rule 26 disclosures, but which Plaintiff has indicated he intends to use to support his claims; (3) provide identifying information regarding individuals who were not named in the Rule 26 disclosures, but whom Plaintiff has indicated he may use to support his claims; and (4) respond to Defendant's First Set of Interrogatories and Requests for Production of Documents.  Defendant also requests attorneys' fees and costs incurred in filing the Motion to Compel.  As of this date, Plaintiff has not responded to the Motion.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  Plaintiff failed to respond

to the Motion to Compel or offer any explanation relating to Defendant's allegations of his discovery abuses.  It is the nonmoving party's burden to show why a discovery request is objectionable.  Failure to raise an objection in the response to a motion to compel is deemed a waiver of that objection.  *See Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 nn.15-16 (D. Kan. 2005).  "When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable."  *Sonninno v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).  I find that Defendant's discovery requests are reasonable and that Plaintiff failed to respond to the discovery requests or the Motion to Compel.

IT IS FURTHER **ORDERED** that Defendant's request for reasonable attorney's fees and costs is **GRANTED**.  **First,** the Court orders that Plaintiff's' failure to timely respond to the Motion to Compel and raise any objection he may have to the discovery requests waives all such objections, other than those based on applicable privileges. Plaintiff must, therefore, respond to the outstanding discovery requests in full, without objection, except objections based upon applicable privileges. **Second,** Plaintiff shall pay the reasonable attorney's fees and expenses incurred by Defendant relating to litigating the Motion.  It is within the Court's discretion to award reasonable attorney's fees to Defendants pursuant to Fed. R. Civ. P. 37(a).  Nothing in the record before the Court excuses the Plaintiff's failure to comply with his discovery obligations and to respond to the outstanding discovery request.

IT IS FURTHER **ORDERED** that on or before **July 6, 2009**, Defendant shall file an

affidavit or affidavits of attorney's fees and costs incurred in litigating the Motion. Plaintiff's objection, if any, to the affidavit(s) submitted by Defendant shall be filed by **July 13, 2009.**

IT IS FURTHER **ORDERED** that on or before **July 6, 2009**, Plaintiff shall respond to the Defendant's First Set of Interrogatories and Requests for Production of Documents and shall provide to Defendant (1) copies of the documents disclosed in his Fed. R. Civ. P. 26(a)(1) disclosures; (2) copies of additional documents that were not referenced in the Rule 26 disclosures, but which Plaintiff has indicated he intends to use to support his claims; and (3) identifying information regarding individuals who were not named in the Rule 26 disclosures, but whom Plaintiff has indicated he may use to support his claims.

Plaintiff's failure to comply with this Order may result in the imposition of further sanctions, including dismissal of his case pursuant to Fed. R. Civ. P. 37(b) and/or 41(b).

**The parties are advised that no opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(A). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a conference call with Magistrate Judge Mix to attempt to resolve the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.**

Dated:       June 17, 2009

BY THE COURT:

  s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge